UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX INC.,

              Plaintiff,

vs.                              Case No.  2:11-cv-694-FtM-29SPC

PARCUS MEDICAL, LLC,

              Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Arthrex Inc.'s (Arthrex or plaintiff) Motion to Dismiss Count V of Parcus Medical, LLC's (Parcus or defendant) Counterclaim (Doc. #18) filed on February 27, 2012.  Parcus Medical, LLC filed a response on March 15, 2012. (Doc. #29.)  Arthrex filed a reply in support of its motion on April 2, 2012.  (Doc. #34.)  For the reasons set forth below, the motion is granted and Count V of the counterclaim is dismissed with leave to amend.

    The Complaint alleges that on November 30, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,993,451 (the '451 patent) entitled "Cannulated Suture Anchor Drill Guide."  The '451 patent names Stephen S. Burkhart as an inventor. On November 4, 2003, the United States Patent and Trademark Office issued United States Patent No. 6,641,597 (the '597 patent) entitled "Interference Fit Knotless Suture Anchor Fixation."  The '597 patent names Stephene S. Burkhart, R. Donald

Grafton, and Peter J. Dreyfuss as inventors. Arthrex asserts that it is the owner by assignment of all right, title, and interest under both the '451 and '597 patents. Counts I and II of the Complaint asserts that Parcus has infringed on patents '451 and '597 by making, using, selling, offering for sale, and/or importing suture anchor instrumentation for use during arthroscopic surgeries, including but not limited to Parcus's V-Mouth Drill Guide (Part No. 10330), 8-Point Drill Guide (Part No. 10446), Series 3 Suture Anchors (Parts Nos. 10323T and 10313) and V-LoX Hybrid Suture Anchors (Part No. 10354T).

On February 6, 2012, Parcus filed its Answer, Affirmative Defenses, and a five-count Counterclaim. (Doc. #13.) Therein, Parcus seeks declaratory judgment that neither the '451 or the '597 patents are valid (Counts II and IV) and that it did not infringe on the '451 or the '597 patents (Counts I and III). Count V asserts that Arthrex has engaged in unlawful anti-competitive practices by engaging in the following: (a) sham litigation[1]; (b) litigation as a weapon of economic destruction; (c) trade disparagement; (d) violation of the Federal Anti-Kickback Statute,

---

[1] Parcus alleges that a separate case between Arthrex and Parcus, 2:10-cv-151-FtM-36DNF, also pending before this Court, is a sham litigation. That matter was filed by Arthrex and asserts misappropriation of trade secrets, tortious interference with contracts/business relationships, violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204, and injunctive relief.

42 U.S.C. § 1320A-7B; (e) threats, intimidation, and extortion; and (f) illegal enforcement of perpetual non-competes.

On February 27, 2012, Arthrex filed the instant motion seeking to dismiss Count V of the Counterclaim pursuant to Fed R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Specifically, Arthrex contends that Count V fails to plead the prima facie elements of the various alleged illegal actions that comprise his unlawful anti-competitive practices claim and otherwise includes inflammatory statements that are intended to bias and/or mislead the Court and prevent settlement.  It further contends that defendant cannot assert a claim under the Anti-Kickback Statute because it does not provide for a private cause of action.  In response, Parcus contends that Count V <u>only</u> asserts a claim pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 (FDUTPA).  Parcus contends that the references to other potential causes of action are simply the factual basis for the underlying FDUTPA claim and therefore the prima facie elements of those claims need not be pled.

To survive dismissal under Rule 12(b)(6), a complaint must first satisfy the pleading requirements of Rule 8(a)(2).  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  The purpose of this

requirement is to supply the defendant with fair notice as to the nature of the claim and the grounds upon which the claim rests. Twombly, 550 U.S. at 552.

The Court finds that Count V of the Counterclaim fails to meet the notice requirements of Rule 8.  It is entirely unclear from the body of Count V that Parcus simply intended to bring a claim pursuant to FDUTPA.  Count V is over nine (9) pages in length and makes its first, of just three references to Fla Stat. § 501.204[2] on the very last page of the count.  Parcus's three references to Fla. Stat. § 501.204 suggest that this is one of several claims related to unfair competitive practices asserted by Parcus instead of the only claim set forth by Parcus.  Indeed, the heading of the Count simply states "Unlawful Anti-Competitive Practices" which does not necessarily suggest a claim limited to FDUTPA.  The body of the Count further suggests that a myriad of claims are being asserted.  Although the response indicates that Parcus only sought to assert a claim pursuant to FDUTPA, Arthrex should not have to rely on the response to determine which precise claims it must defend itself against.  Therefore, the Court will dismiss Count V with leave to amend to provide Parcus with the opportunity to clearly set forth the FDUTPA claim and the factual basis that supports the claim.

Accordingly, it is now

---

[2]The Counterclaim never refers to the statute by name.

**ORDERED:**

1. Arthrex's Motion to Dismiss Count V of Parcus Medical's Counterclaim (Doc. #18) is **GRANTED** and Count V of the Counterclaim is dismissed without prejudice.

2. Parcus may amend Count V of its Counterclaim within **twenty-one (21) days** of the entry of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:

Counsel of record