UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC.,

Plaintiff,

v. Case No: 2:11-cv-694-FtM-29CM

PARCUS MEDICAL, LLC,

Defendant.

---

**ORDER**

This matter comes before the Court upon review of Plaintiff Arthrex, Inc.'s Motion to Compel Supplemental Answers to Arthrex's Interrogatory No. 3 and Production Responsive to Document Request Nos. 1 and 38 (Doc. 186), filed on November 7, 2013; and Defendant Parcus Medical, LLC's Memorandum in Opposition to Motion to Compel (Doc. 206), filed on November 25, 2013. Plaintiff Arthrex, Inc. ("Arthrex") moves the Court for an Order compelling Defendant Parcus Medical, LLC ("Parcus") to provide full and complete responses to Arthrex's Interrogatory No. 3 and Document Request Nos. 1 and 38. Doc. 186. For the reasons stated herein, the motion is due to be denied.

Pursuant to the Federal Rules of Civil Procedure, a party upon whom interrogatories has been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). Both the Federal Rules and the Middle District of Florida Local Rules authorize the filing of motions to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B); M.D. Fla. Rule

3.04. District courts have broad discretion in managing pretrial discovery matters, *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002), and whether to grant a motion to compel is within the Court's discretion. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

On April 24, 2012, Arthrex served its First Set of Interrogatories and Request for Documents on Parcus. Doc. 186 at 3. Arthrex now moves the Court to compel better responses to Interrogatory number 3 and Document Request numbers 1 and 38. As grounds, Arthrex states that Parcus' responses were vague and incomplete. Doc. 186 at 8-10. Parcus responds that, although its first response was complete, it has since provided a supplemental response to Interrogatory number 3, and Arthrex's Motion is moot as to Interrogatory 3. Docs. 206 at 2 and 206-1. As to the Document Requests, Parcus contends its responses were complete and that Arthrex seeks information protected by attorney-client privilege and the work product doctrine. Doc. 206 at 4-5.

Interrogatory number 3 asks Parcus to "[d]escribe in detail with reference to specific facts, witnesses, and documents the circumstances through which Parcus first became aware of each of the patens-in-suit [sic]." Doc. 186-1 at 7.

Parcus objected to Interrogatory number 3, stating:

> In addition to its General Objections incorporated herein, Parcus, through its counsel, objects to this Interrogatory to the extent this Interrogatory seeks information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waving its General and/or Specific Objections, Parcus states that it became aware of the patents-in-suit upon receipt of service of process commencing this suit. See

> ECF No. 1. While the patents-in-suit were produced in Case No. 2:10-cv-00151-UA-DNF with a PM _____ moniker, Parcus had no knowledge of these patents as they were produced directly from the files of its outside intellectual property counsel through Parcus' outside litigation counsel, neither of whom provided the patents-in-suit to Parcus.

Doc. 186-2 at 11-12.

Arthrex also served its First Request for Production of Documents and Things on April 24, 2012. Specifically, Document Request number 1 sought "[e]ach and every document that is either identified in response to or relied on by Parcus in responding to Arthrex's First Set of Interrogatories ("Interrogatories"), served concurrently herewith, or which supports, contradicts, or is inconsistent with any of Parcus' responses to the Interrogatories." Doc. 186-3 at 4. Document Request number 38 sought "[a]ll documents and communications related to any opinion of counsel received by Parcus related to the patents-in-suit and/or the accused products regarding validity, enforceability, and/or infringement." *Id.* at 12-13.

Parcus objected to Document Requests 1 and 38 because, *inter alia*, they were vague, overbroad, and sought materials protected by attorney-client privilege and the work-product doctrine. Parcus' objections are well-taken. As to Document Request number 1, Parcus contends that "[a]ll responsive documents have been produced" to Arthrex in light of the parties' agreement that "documents produced in the Trade Secret case can be used in the Patent case to avoid unnecessary duplication." Doc. 206 at 4. Moreover, Parcus indicates it "has found no documents or communications relating or referencing the patents at issue before the commencement of this action." *Id.* As to Document Request number 38, Parcus responds that it

> was not aware of the patents in suit or any allegation of infringement of the patents in suit, and therefore would have no reason to and did not obtain any opinion of counsel related to the patents-in-suit and/or the accused products regarding the validity, enforceability, and/or infringement and has no documents or communications related thereto.

*Id.* at 5.

Rule 26, Federal Rules of Civil Procedure, provides in relevant part: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The requests by Arthrex clearly seek such material and Parcus, in accordance with Rule 26(b)(5)(A), expressly identified the requested materials as protected by the attorney-client privilege and/or work product. Particularly given that Parcus represents it "has found no documents or communications relating to or referencing the patents at issue before the commencement of this action," it does not appear there are any additional non-privileged documents that were not already produced. Nor has Arthrex made a sufficient showing under Rule 26(b)(3)(A) to compel production despite the privilege.

Moreover, the Court notes that Arthrex's Motion, filed on November 7, 2013, was filed *after* the close of discovery in this case and is therefore untimely. On May 3, 2012, the Court entered a corrected Case Management and Scheduling Order setting the discovery deadline as October 7, 2013. Doc. 38. Specifically, under a heading labeled "Discovery Deadline," that Order stated "[t]he Court may deny as untimely all motions to compel filed after the discovery deadline." *Id.* at 2.

Pursuant to Parcus' motion for entry of a revised Case Management and Scheduling Order (Doc. 151), on July 8, 2013, the Court extended the deadlines for disclosure of export reports and rebuttal expert reports, but specifically held that it "did not find good cause to extend the other deadlines in this case." Doc. 156 at 3. The Court further noted "[t]he discovery cutoff is not until October 7, 2013" and "Parcus has made no showing that it will be unable to complete discovery" in accordance with that deadline, and therefore "[a]ll other deadlines remain unchanged." *Id.* at 3.

Not only is the Motion to Compel untimely, but Arthrex waited nearly sixteen months from the time it received Parcus' responses and less than three weeks prior to the discovery deadline before it sought supplemental responses. By Arthrex's own admission, it served its First Set of Interrogatories and First Request for Production of Documents on April 24, 2012, and Parcus served its Responses on May 29, 2012, yet it was not until September 19, 2013 that Arthrex requested Parcus supplement its discovery responses. Doc. 186 at 3, 3-4. Despite Parcus responding to the request for supplemental responses on October 17, 2013, Arthrex again waited until November 7, 2013, an additional three weeks, to file its Motion to Compel. Because Parcus has already supplemented Interrogatory number 3, represents there are no additional unprivileged documents to produce, and Arthrex's Motion to Compel was not timely-filed, the Court declines to exercise its discretion to grant the motion in this case.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff Arthrex, Inc.'s Motion to Compel Supplemental Answers to Arthrex's Interrogatory No. 3 and Production Responsive to Document Request Nos. 1 and 38 (Doc. 186) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of February, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record