UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC.,

    Plaintiff,

v.                                  Case No:   2:11-cv-694-FtM-29CM

PARCUS MEDICAL, LLC,

    Defendant.

## ORDER

Before the Court are Parcus Medical LLC's Unopposed Motion for Leave to File Under Seal Trial Brief Regarding Parcus Counterclaim V and the Arthrex C3 Program, Motion in Limine Regarding Partial Waiver of Attorney-Client Privilege, and Motion in Limine to Exclude Testimony of Kevin McAnaney (Doc. 279), filed on April 4, 2014; Arthrex's Unopposed Motion to Seal Portions of Motions *in Limine* (Doc. 285), filed on April 4, 2014; and Defendant's Unopposed Motion to Seal Motion in Limine Nos. 1, 2, 3, 4, 5, 7, and 8 (Doc. 296), filed on April 5, 2014 (collectively, "motions to seal").  By their motions, the parties seek leave to file certain documents under seal pursuant to the Confidentiality Agreement and Joint Stipulated Protective Order.  Doc. 279 at 1; Doc. 285 at 1; Doc. 296 at 1.  For the foregoing reasons, the motions to seal are due to be granted.

Local Rule 1.09, which governs motions seeking leave to file documents under seal, provides, in pertinent part:

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other

> matter in any civil case shall file and serve a motion, the title of which includes the words 'Motion to Seal' and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary, (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

M.D.Fla. R. 1.09(a). In this case, there is no statute, rule, or other order that authorizes filing the subject documents under seal. Thus, in order for the Court to properly evaluate whether filing under seal is warranted, each motion must provide the information required by Local Rule 1.09(a).

I. Parcus Medical LLC's Unopposed Motion for Leave to File Under Seal Trial Brief Regarding Parcus Counterclaim V and the Arthrex C3 Program, Motion in Limine Regarding Partial Waiver of Attorney-Client Privilege, and Motion in Limine to Exclude Testimony of Kevin McAnaney (Doc. 279)

Defendant Parcus Medical, LLC ("Parcus") moves for an order permitting it to file under seal unredacted versions of redacted documents filed in the public docket.[1] By filing redacted versions, Parcus has sufficiently identified and described the documents it seeks to file under seal. Parcus represents that filing the documents is necessary to effectively support its opposition to Arthrex's summary judgment

---

[1] The documents that are the subject of the instant motion to seal were filed in the public docket as follows: Parcus' Trial Brief Regarding Parcus Counterclaim V and the Arthrex C3 Program (Doc. 278); Parcus' Motion in Limine Regarding Partial Waiver of Attorney-Client Privilege (Doc. 276); and Parcus' Motion in Limine to Exclude Testimony of Kevin McAnaney (Doc. 275), all filed on April 4, 2014.

motion, and that sealing the documents is necessary "in order to protect the designated confidential information contained therein," and further states that it "is not aware of any other means other than sealing that would satisfactorily preserve or protect the interests asserted by both parties with respect to the confidential information."  Doc. 279 at 2.

Parcus also submitted a memorandum of legal authority, which does not include any authority, and Parcus failed to include "a statement of the proposed duration of the seal" as required by Local Rule 1.09(a).  The Court will not treat these omissions as fatal to the motion, however, given the posture of this case and the length of time since its inception, but cautions counsel that future filings must comply with the Local Rules.

## II. Arthrex's Unopposed Motion to Seal Portions of Motions *in Limine* (Doc. 285)

Plaintiff Arthrex, Inc. ("Arthrex") seeks leave to file under seal portions of certain motions in limine in which it will "reference and/or discuss information that at least one party has identified as confidential in this action pursuant to the Confidentiality Agreement."  Doc. 285 at 1.  In support of the instant motion, Arthrex has identified and described the following documents as those it seeks to file under seal:  portions of its Motion *In Limine* to Exclude Hearsay Statements of Parcus's Customers and Potential Customers (Doc. 280) in which it will refer to and discuss confidential information, such as information contained in the depositions of Barton Bracy, Philip Mundy, Daniel Hauert, and Mark Harris; portions of its Motion *In Limine* to Exclude Evidence Regarding Smith & Nephew Employees' Opinions

Regarding Arthrex's C3 Agreements (Doc. 281), specifically those that refer to such information as the depositions of Barton Bracey, Philip Mundy, and Philip Parker, and portions that refer to other documents designated Highly Confidential; portions of its Motion *In Limine* to Exclude Evidence Regarding Certain Agreements (Doc. 282), such as those that refer to and discuss confidential information, including the deposition of Philip Parker; and portions of its Motion *In Limine* Regarding Patent Issues (Doc. 284), including information contained in the depositions of Mark Brunsvold and Ronald Glousman, and information from the expert reports of Ronald Glousman, Walter Bratic, and John Bojanowski. Doc. 285 at 2-3.[2] Thus, Arthrex has sufficiently described and identified the portions of the documents sought to be filed under seal.

Arthrex states that filing the confidential information in each of the foregoing motions "is necessary in order for Arthrex to effectively support its motions" and that "[t]he portions of the motions proposed for sealing must be sealed in order to protect the confidential information contained therein." Doc. 285 at 3. Arthrex further states that it "is not aware of any means other than sealing that would satisfactorily preserve or protect the interests asserted by both parties with respect to the confidential information" and "proposes that the duration of the seal be for as long as necessary for the Court to consider and rule on the subject motions." *Id.* at 4. The

---

[2] A redacted version of each motion referenced in the foregoing paragraph has been filed at the docket entry indicated following the title of the motion.

motion for leave to file documents under seal also includes a memorandum of legal authority, as required by Local Rule 1.09(a).

### III. Defendant's Unopposed Motion to Seal Motion *in Limine* Nos. 1, 2, 3, 4, 5, 7, and 8 (Doc. 296)

Parcus also seeks leave to file under seal portions of motions in limine that have already been filed as redacted versions in the public docket.[3] Parcus provided the Court unredacted copies of the motions *in limine* at issue in the instant motion. Regardless of whether such copies may aid resolution of pending motions, counsel for Parcus is again reminded that documents filed in this Court must comply with the Local Rules. Specifically, because the motions to seal are not "authorized by statute, rule, or order," the filing of the motions to seal is governed by Local Rule 1.09(a), which states "[t]he movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section." M.D.Fla. R. 1.09(a).

Parcus identifies the portions of the documents to be filed under seal as: portions of Parcus' motion in limine number 1 that reference and discuss sensitive information that would not be publicly disclosed[4] in the ordinary course of business;

---

[3] The motions in limine at issue were filed at Docs. 286, 289, 294, 291, 295, 290, and 292, respectively.

[4] The Court notes that there remains pending a Motion to Strike (Doc. 297) Motion in Limine No. 1 filed at Doc. 286 as superseded by Motion in Limine No. 1 filed at Doc. 293. Upon review, it appears that Doc. 286 is merely an *unredacted* version of Doc. 293, which Parcus identifies was inadvertently filed as unredacted, and as part of the unopposed motion to strike requests that it be removed from the public record. Doc. 297. Finding good cause to permit the filing of Motion in Limine No. 1 under seal as part of this Order, the Court will grant Defendant's Motion to Strike Inadvertently Filed Unredacted Draft Motion In Limine [DE 286] (Doc. 297)

portions of Parcus' motion in limine number 2 that reference and discuss excerpts from expert reports which Arthrex has designated confidential; portions of Parcus' motion in limine number 3 which reference and discuss deposition excerpts that have been designated or asserted to be confidential; portions of Parcus' motion in limine number 4 which reference and discuss deposition excerpts that have been designated or asserted to be confidential; portions of Parcus' motion in limine number 5 which reference and discuss excerpts from deposition testimony and expert reports which the parties have designated confidential, and exhibits to the motion that include documents which the parties have designated confidential; portions of Parcus' motion in limine number 7 which reference and discuss excerpts from Arthrex's expert's reports which Arthrex has designated confidential; and portions of Parcus' motion in limine number 8 which reference and discuss excerpts from documents and Arthrex's expert's report which Arthrex has designated confidential, as well as the exhibits to the motion which also contain confidential information.  Doc. 296 at 1-2.

Parcus states that the documents are necessary to effectively support its motions, and "[t]he documents proposed for sealing must be sealed in order to protect the designated confidential information contained therein."  *Id.* at 3.  Parcus also represents that it "is not aware of any other means other than sealing that would satisfactorily preserve or protect the interests asserted by both parties with respect to the designated confidential information," and "proposes that the duration of the

---

and will direct the Clerk to remove Doc. 286 from the public docket.

seal be for as long as necessary for the Court to consider and rule on the subject opposition, at which point the documents be returned to Defendant's counsel." *Id.*

## IV. Analysis

Although this Court has previously permitted the parties to file documents under seal in this case,[5] the Court must nevertheless evaluate the merits of the individual motions to determine whether filing under seal is warranted. "Though a stipulated protective order may provide that documents designated as confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order does not make it so when it comes to filing the document with the court." *Joao Bock Transaction Sys., LLC v. Fidelity Nat. Info. Servs., Inc.*, No. 3:13-cv-223-J-32JRK, 2014 WL 279656, *1 (M.D.Fla. Jan. 24, 2014) (quotation marks omitted). "Even without a challenge, the judge remains 'the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record.'" *Id.* (quoting *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F.Supp.2d 1353, 1363 (N.D.Ga. 2002)).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"

---

[5] *See* docs. 94, 113, 175, 215-18, 242-44, 265-67.

*Id.* at 1246 (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)) (alteration in original). Factors for the Court's consideration include

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246; *see also F.T.C. v. Alcoholism Cure Corp.*, No. 3:10-cv-266-J-34TEM, 2010 WL 4840046 (M.D.Fla. Nov. 23, 2010).

"'Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.'" *NXP B.V. v. Research In Motion, Ltd.*, No. 6:12-cv-498-Orl-22TBS, 2013 WL 4402833, *2 (M.D.Fla. Aug. 15, 2013) (quoting *Vista India, Inc. v. Raaga, LLC*, No. 07-1262, 2008 WL 834399, *2 (D.N.J. Mar. 27, 2009)). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. Courts in this district have granted motions to seal in patent infringement cases where the information sought to be protected was designated "confidential" by agreement of the parties and where public access to the documents could violate the parties' privacy or proprietary interests. *See, e.g., NXP B.V.*, 2013 WL 4404833.

In this case, the parties represent that "[a]llowing public access to the alleged confidential information could significantly harm the legitimate privacy interests

that Arthrex and Parcus have in protecting their confidential and proprietary information. The likelihood of injury in the event of disclosure is certain, and the degree of that injury could be severe." Doc. 296 at 4. Upon due consideration, the Court finds that allowing public access to the information the parties seek to file under seal could harm their legitimate privacy and proprietary interests, and there is no less restrictive method available to protect the information. Therefore, because they are unopposed and there exists good cause, the motions to seal will be granted and the parties permitted to file the documents under seal.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Parcus Medical LLC's Unopposed Motion for Leave to File Under Seal Trial Brief Regarding Parcus Counterclaim V and the Arthrex C3 Program, Motion in Limine Regarding Partial Waiver of Attorney-Client Privilege, and Motion in Limine to Exclude Testimony of Kevin McAnaney (Doc. 279) is **GRANTED**.

2. Arthrex's Unopposed Motion to Seal Portions of Motions *in Limine* (Doc. 285) is **GRANTED**.

3. Defendant's Unopposed Motion to Seal Motion in Limine Nos. 1, 2, 3, 4, 5, 7, and 8 (Doc. 296) is **GRANTED**.

4. The parties shall mail or hand-deliver the materials to be filed under seal to the Clerk of Court. The documents will remain under seal for the duration of this litigation, or until further order of the Court.

5. Defendant's Motion to Strike Inadvertently Filed Unredacted Draft Motion in Limine [DE 286] (Doc. 297) is **GRANTED** to the extent that Doc. 286 was superseded by Doc. 293. The Clerk is directed to remove Defendant's Motion in Limine No. 1 to Prevent Plaintiff from Offering Testimony, Arguments, Opinions, or Evidence Regarding Allegations Against Defendant's Expert (Doc. 286) from the public docket.

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of April, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record