UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC.,

    Plaintiff,

v.   Case No: 2:11-cv-694-FtM-29CM

PARCUS MEDICAL, LLC,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of Arthrex Inc.'s Motion to Exclude Certain Expert Testimony of John L. Bojanowski (Doc. #188; Doc. #228) filed on November 15, 2013. Parcus Medical, LLC filed a Response in Opposition (Doc. #210) on December 3, 2013.

Parcus Medical, LLC's (Parcus) fifth counterclaim alleges that Arthrex, Inc. (Arthrex) violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 *et seq.*, by (1) filing lawsuits designed to exhaust all of Parcus' resources and intimidate its members, investors, and customers; (2) utilizing a campaign of disinformation aimed at Parcus' investors and customers; and (3) using illegal and unethical business strategies to eliminate competition, such as Arthrex's "C3 program." Parcus retained John L. Bojanowski (Mr. Bojanowski) to review and testify on matters concerning Arthrex's "C3 program" and, in particular, to provide an opinion on whether the program

conforms to established public policy and industry ethical standards. Arthrex now seeks to exclude certain opinions to be offered by Mr. Bojanowski.

**I.**

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. As the Supreme Court recognized in Daubert v. Merrell Dow Pharm., Inc., Rule 702 contemplates that the district court will serve as the gatekeeper to the admission of scientific testimony to ensure that any and all expert testimony is both relevant and reliable. 509 U.S. 579, 589 (1993). See also Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1183 (11th Cir. 2013).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry.

- 2 -

United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1063 (2005). Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact. Tampa Bay Water, 731 F.3d at 1183 (citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 568 (11th Cir. 1998)). "The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1335 (11th Cir. 2010), quoting McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002). The admission of expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258. Plaintiff challenges the first and third requirements.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. Kilpatrick v. Berg, Inc., 613 F.3d 1329, 1335 (11th Cir. 2010). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education, Frazier, 387 F.3d at

1260-61, and experience alone can provide a sufficient foundation for expert testimony. Fed. R. Evid. 702 advisory committee's note (2000 Amends.). The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63.

## II.

Arthrex acknowledges that Mr. Bojanowski may be qualified to testify on certain issues regarding industry norms or practices, but contends that he is not qualified to offer opinions on whether the C3 program comports with the ethical standards adopted by the Advanced Medical Technology Association (AdvaMed), or with the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), or whether Arthrex knowingly and intentionally violated these standards.

Mr. Bojanowski's Expert Report states that he is qualified to provide his opinions because he has twenty years of experience in sales and management positions in the medical device industry. Mr. Bojanowski is currently the president of Honeywell HomMed and his résumé confirms that he has extensive experience in management and sales positions in the medical device industry. (Doc. #228-1, pp. 23-26.) The Expert Report also states that Mr. Bojanowski

was trained and educated on matters having to do with AdvaMed's Code of Ethics on Interactions with Health Care Professionals, and ethical sales practices while serving as the Vice President, U.S. Sales, for Smith and Nephew Endoscopy in 2004. (Doc. #228-1, p. 9.) No further experience, education, or training regarding AdvaMed's Code of Ethics or the Anti-Kickback statute is provided in the Expert Report.

The Court finds that defendant has not established by a preponderance of the evidence that Mr. Bojanowski is qualified on the subject matters contested by plaintiff. The Court is unable to determine that Mr. Bojanowski is qualified to provide competent testimony regarding Arthrex's compliance with AdvaMed's ethical code or Anti-Kickback statute based on the training he received in a single year ten years ago and his general experience in the medical device industry.[1]

Arthrex also asserts that Mr. Bojanowski's proposed opinion testimony pertaining to Arthrex's intent, knowledge, and motivation regarding the C3 program should be excluded. Parcus agrees that an expert may not render any opinions regarding the

---

[1] "If the witness is relying solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and the experience is reliably applied to the facts." Frazier, 387 F.3d at 1261 (quoting Fed. R. Evid. 702 advisory committee's note).

state of mind, intent, motives, or ethics of the opposing party. Thus, this request is granted.

Accordingly, it is hereby

**ORDERED:**

Arthrex Inc.'s Motion to Exclude Certain Expert Testimony of John L. Bojanowski (Doc. #188; Doc. #228) is **GRANTED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of July, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record